UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TIEMANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21.cv-00416 ) ) |
| CITY OF ST. CHARLES, MISSOURI, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

COMES NOW Defendant City of St. Charles, Missouri ("City" or "Defendant") and, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby files its Notice of Removal of the action styled *Michael Tiemann v. City of St. Charles, Missouri*, Case No. 2111-CC00152, pending in the Circuit Court of St. Charles County, Missouri, to the United States District Court for the Eastern District of Missouri. As grounds for removal, Defendant respectfully states as follows:

### INTRODUCTION

1. Plaintiff has filed a wrongful discharge lawsuit (the "Petition") in the Circuit Court of St. Charles County, Missouri, Case No. 2111-CC00152.

2. The City was served with a copy of the Petition on March 9, 2021.

3. This Notice of Removal is filed within thirty (30) days after the City was served with a copy of the Petition. The City has not filed any responsive pleadings in the Circuit Court of St. Charles County, Missouri, prior to filing this Notice of Removal. This Court embraces the place where such action is pending.

4. This action is timely removed pursuant to 28 U.S.C. § 1446(b).

2420754.1

5. All process, pleadings or papers served on Defendant in this action are attached hereto collectively as **Exhibit 1** and are incorporated herein by reference.

## STATE COURT LAWSUIT

6. In the Petition, Plaintiff asserts wrongful discharge claims: for judicial review pursuant to the Missouri Administrative Procedure Act (Count I); and for alleged violation of the Missouri Whistleblower Statute (Count II). (*See* Petition, Ex. 1, *passim.*)

7. Plaintiff's claims arise from the termination of his employment with the City.

8. When terminating his employment for conduct unbecoming, the City relied upon Rule 12.5 of the Employee Personnel Manual of the City of St. Charles. (*See* Petition, ¶ 39)

9. Plaintiff alleges that the City's "reliance on rule 12.5 of the Employee Personnel Manual of the City of St. Charles violates the due process clause of the 14th Amendment of the United States Constitution and Section 10 of Article 1 of the Missouri Constitution, in that, on its face and as applied it, is vague and ambiguous as to what constitutes 'conduct unbecoming.'" (*Id.*)

10. As such, Plaintiff alleges that his termination was "unauthorized by law" and was "unconstitutional." (*Id.* ¶ 46)

## FEDERAL QUESTION JURISDICTION

11. Jurisdiction in this Court is proper because Plaintiff's claim in Count I arises under, or necessarily depends upon a construction of, the Constitution of the United States.

12. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2

13. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016).

14. "A plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). Indeed, the Eighth Circuit has held that "[f]ederal jurisdiction may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal question, even where only state law issues have been pled." *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

15. For example, in *Country Club Ests., L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1002 (8th Cir. 2000), the plaintiffs filed a state-court complaint challenging "the legality of various zoning and taxing actions taken by the Town." Although the complaint was almost entirely based upon Missouri law, the plaintiffs alleged they "were not given proper notice of the hearing as required by the Statutes and Constitution of Missouri and the Constitution of the United States of America, including those provisions which prohibit the taking of property without due process of law, which process requires proper notice." *Id.* at 1003. Based upon this allegation, the town removed to federal court, and the district court denied the plaintiffs' motion to remand. *Id.*

16. On appeal, the Eighth Circuit held that "the District Court correctly denied the motion to remand." *Id.* The court reasoned that "[t]he reference to the Constitution of the United States is unequivocal. If the Due Process Clause of the Fourteenth Amendment is given one

3

construction, the claim will prevail; if it is given another, the claim will fail. This is a paradigm case for arising-under jurisdiction." *Id*. The court further reasoned that it was immaterial that "most of [the plaintiffs'] complaint alleges violations of state law." *Id.*; *see also Hammond v. City of Ladue*, No. 4:10CV1977 JCH, 2010 WL 5392831, at *3 (E.D. Mo. Dec. 21, 2010) (holding petition removable on federal question grounds where it invoked United States Constitution in asserting state law claims).

17. Based on the express allegations in the Petition, this Court has federal question jurisdiction. Specifically, Plaintiff alleges that his termination was "unconstitutional" because, on its face and as applied, "rule 12.5 of the Employee Personnel Manual of the City of St. Charles violates the due process clause of the 14th Amendment of the United States Constitution[.]" (Petition, ¶¶ 39, 46)

18. As with the plaintiffs in *Town of Loma Linda*, Plaintiff's reliance on the Constitution of the United States is unequivocal. *See Town of Loma Linda*, 213 F.3d at 1003. And the Due Process Clause of the Fourteenth Amendment is alleged to provide the predicate for judicial review under the Missouri Administrative Procedure Act, §536.150 R.S.Mo. Because the resolution of Plaintiff's claim hinges upon a construction of the United States Constitution, this Court has federal question jurisdiction.

19. An action within this Court's federal question jurisdiction is removable without regard to the citizenship or residence of the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

20. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's alleged Missouri Whistleblower Statute claim in Count II, or any other alleged state-law

4

based claim, because that claim is part of the same case or controversy as the claim that Plaintiff has asserted in Count I relying upon the United States Constitution.

21. As such, this Court has jurisdiction over both of Plaintiff's claims.

## NOTICE

22. Removal of this action is not prohibited by 28 U.S.C. § 1445.

23. On this date, the City is filing a Notice to Clerk of Removal to the Clerk of the Circuit Court of St. Charles County, Missouri. A copy of this Notice to Clerk will be electronically filed with this Court.

24. On this date, Defendant is mailing and emailing a Notice to Plaintiff, through his counsel, stating that a Notice of Removal to the Clerk of the United States District Court for the Eastern District of Missouri was filed, and serving a copy of this Notice of Removal upon Plaintiff. A copy of this Notice to Plaintiff will be electronically filed with this Court.

25. Accordingly, this action may be properly removed to this Court, and no further proceedings should be had in the state court.

## CONCLUSION

THEREFORE, the City hereby removes this case to the United States District Court for the Eastern District of Missouri, respectfully requests that no further proceedings be had in the Circuit Court for St. Charles County, Missouri, and requests that this Court grant such other and further relief as it deems just and proper.

Dated: April 8, 2021                              Respectfully submitted,

**LEWIS RICE LLC**

/s/ Brian P. Pezza
Neal F. Perryman, #43057
Brian P. Pezza, #60590
600 Washington Ave., Ste. 2500
St. Louis, Missouri 63101-1311
Telephone: 314.444.7656
Facsimile: 314.612.7656
E-mail: nperryman@lewisrice.com
           bpezza@lewisrice.com

*Attorneys for the City of St. Charles, Missouri*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of April, 2021, a true and correct copy of the foregoing was electronically filed and served via email and U.S. Mail upon:

Christopher B. Graville, #53187
Nathan K. Bruns, #71812
130 S. Bemiston, Suite 700
Clayton, MO 63105
cbg@gravillelaw.com
nkb@gravillelaw.com

/s/ Brian P. Pezza
Brian P. Pezza