

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

*Served 3/9/2021*

| | |
|---|---|
| Judge or Division:<br>MICHAEL JAMES FAGRAS | Case Number: 2111-CC00152 |
| Plaintiff/Petitioner:<br>MICHAEL TIEMANN | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER B GRAVILLE<br>130 S BEMISTON STE 700<br>CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>CITY OF ST. CHARLES, MISSOURI | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Chpter 536 State Agcy Rvw | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  CITY OF ST. CHARLES, MISSOURI

Alias:

200 N 2ND STREET #2851
ST. CHARLES, MO 63301

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

|  ___2/25/2021___  | ___/S/ Cheryl Crowder___ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

Date          _____

Notary Public

*RECEIVED*

*MAR 0 8 2021*

*SHERIFF*
*ST. CHARLES COUNTY, MO*

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**1**
Exhibit

**2111-CC00152**

Electronically Filed - St. Charles Circuit Div - February 22, 2021 - 05:33 PM

## IN THE 11th JUDICIAL CIRCUIT COURT
## ST. CHARLES COUNTY
## STATE OF MISSOURI

MICHAEL TIEMANN,                )
                                )
    Plaintiff,               )
                                )
                                )    Cause No.
v.                              )
                                )    Division No.
CITY OF ST. CHARLES,            )
MISSOURI,                       )
                                )
    Defendant.               )
                                )
                                )

## PETITION FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION – INJUNCTION, DECLARATORY JUDGMENT AND MANDAMUS AND FOR VIOLATIONS OF MISSOURI WHISTLEBLOWER STATUTE

COMES NOW the Plaintiff Michael Tiemann, by and through his undersigned counsel, and seeks judicial review of a decision by the City of St. Charles, Missouri, ("St. Charles") terminating his employment from the City of St. Charles, Missouri Police Department ("Police Department"). In support of his petition, Plaintiff states as follows:

1.    Michael Tiemann was employed as a police officer by the St. Charles Police Department from approximately January 28, 2018 through October 28, 2020.

2.    On October 28, 2020, Chief Randall D. McKinley provided written notice that Police Department terminated Officer Tiemann's employment without providing any basis for said termination (the "Termination Notice"). A copy of the Termination Notice is attached as Exhibit 1.

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

3.     Upon information and belief, the termination was made on the basis of conduct which allegedly began on September 15, 2020 and continued into September 16, 2020, which was investigated by the Police Department and documented via a letter to Officer Tiemann on October 16, 2020 (the "Pre-Disciplinary Notice"). A copy of the Pre-Disciplinary Notice is attached as Exhibit 2.

4.     The investigation arose from the arrest of one Joshua Landherr by other St. Charles police officers on September 15, 2020.  Following his arrest, Mr. Landherr became "aggressive and destructive while attempting to damage City property." Exhibit 2 at page 1.

5.     Other St. Charles police officers, including the on-duty supervisor, had been informed that Mr. Landherr may have been under the influence of an illicit substance.  Exhibit 2 at page 1.

6.     Despite Mr. Landherr's behavior and the fact that Mr. Landherr may have ingested an unknown illicit substance, the on-duty supervisor determined that Mr. Landherr was fit for confinement.

7.     The on-duty supervisor instructed employees to monitor Mr. Landherr's behavior and to notify the on-duty supervisor if Mr. Landherr's behavior "were to change" again.  Exhibit 2 at page 1.

8.     When Officer Tiemann began his shift at 2230 hours on September 15, 2020, Mr. Landherr had already been in Police Department custody for 3 hours and 40 minutes.

Electronically Filed - St. Charles Circuit Div - February 22, 2021 - 05:33 PM

9.     Officer Tiemann was then told by another Police Department employee that Mr. Landherr was aggressive, destructive, and may have ingested an illicit substance.  Officer Tiemann was then instructed to safely monitor Mr. Landherr and notify the on-duty supervisor if Mr. Landherr's behavior changed.

10.     Officer Tiemann was not instructed on what "changes" he needed to observe before notifying the on-duty supervisor of a "change" in Mr. Landherr's behavior or the time frame in which to contact the on-duty supervisor.  In fact, the on-duty supervisor had not given Officer Tiemann any verbal or written directive and Officer Tiemann had to obtain the limited information he had on monitoring Mr. Landherr from another Police Department employee.

11.     Officer Tiemann had never received any medical or behavioral training from the Police Department which would have given him an objective standard for when he should report any observed change in Mr. Landherr's behavior.

12.     Officer Tiemann followed what he had been told and safely monitored Mr. Landherr the entire time Mr. Landherr was in custody, up to and including the time he notified the on-duty supervisor.

13.     Officer Tiemann observed that over the course of Mr. Landherr's confinement his behavior was calm, but subjectively this did not immediately alarm Officer Tiemann and cause him to notify his on-duty supervisor.

14.     At 0219 hours on September 16, 2020, when Landherr's condition changed based on Tiemann's subjective determination, the on-duty supervisor was informed.

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

15.     After notifying the on-duty supervisor of changes in Mr. Landherr's behavior, EMS was called and asked to respond to the Police Department.

16.     Officer Tiemann had not received any medical training and was not trained in how to use any emergency medical equipment, thus Officer Tiemann could only wait for EMS to arrive and continue to monitor Mr. Landherr's condition.

17.     At 0228 hours, EMS responded to the Police Department and began performing life saving measures on Mr. Landherr.

18.     Mr. Landherr died over two hours after he left the Police Department.

19.     The Pre-Disciplinary Notice alleged four charges against Officer Tiemann as the grounds for ultimately terminating his employment.

20.     The first charge raised against Officer Tiemann was that Mr. Landherr was not fit for confinement and should not have been confined per Police Department policies ("Policies") Section 900.3.1(b) and (g). Exhibit 2.

21.     The first charge is entirely without merit as the Pre-Disciplinary Notice shows that Mr. Landherr had already been assessed as fit for confinement by the on-duty supervisor prior to being placed in confinement and the only instructions that had been given were those given by a fellow employee that Officer Tiemann should safely monitor Mr. Landherr and report any changes to the on-duty supervisor. Officer Tiemann complied with the Policies, including those related to confinement, and there are no facts to support the first charge.

Electronically Filed - St. Charles Circuit Div - February 22, 2021 - 05:33 PM

22.    Similarly, the third charge alleges a violation of the Police Department Code of Conduct, Section XIII, Subsection B regarding persons in custody.  Exhibit 2.  Specifically, this section states that:

> *Any member becoming aware of any condition affecting the rights of a person, including the need for medical attention of a person in custody, or any abuse or unnecessary force inflicted by any fellow member or members, shall immediately make a full disclosure of such condition or event to the appropriate superior, and take such other action to protect the person in custody as the circumstances may require*

23.    The facts do not support any alleged violation of the Code of Conduct as by the time Officer Tiemann arrived at work, Mr. Landherr had already been in custody for over three hours and had already been deemed fit for confinement by the on-duty supervisor.  Officer Tiemann safely monitored Mr. Landherr as he was told to do and his diligent action gave medical personnel over three hours to attempt to save Mr. Landherr's life.  The third charge simply has no support.

24.    Finally, the second and fourth charges both allege conduct unbecoming.

25.    For the second charge, Section X of the Police Department Code of Conduct defines conduct unbecoming as "conduct which brings the department into disrepute, or reflects discredit upon the person as a member of the department, or which impairs the operation or efficiency of the department or the member."

5

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

26.     For the fourth charge, the St. Charles employee manual rule 12.5 does not define conduct unbecoming.

27.     Officer Tiemann was ordered to observe Mr. Landherr, which Officer Tiemann did throughout his entire shift, and to report any change in Mr. Landherr's condition, which Officer Tiemann did after he subjectively determined a change in condition.   There are no allegations made or fact provided that Officer Tiemann ever failed to comply with that order or any other order.

28.     Officer Tiemann was able to safely monitor Mr. Landherr and Officer Tiemann's diligence gave medical personnel three hours to attempt to save Mr. Landherr's life.   Simply put, Officer Tiemann's conduct was in no way unbecoming under either the Police Department Code of Conduct or under the St. Charles employee manual.

29.     The Police Department, following the pre-disciplinary hearing, determined that Officer Tiemann should be terminated and informed Officer Tiemann of its decision via the Termination Notice.   Exhibit 1.

30.     The Termination Notice did not state the basis upon which Mr. Tiemann was being terminated and which, if any, of the alleged charges Mr. Tiemann was found to have violated following the hearing.   Exhibit 1.

31.     Officer Tiemann thereafter submitted a timely appeal of his termination to the Mayor of St. Charles (the "Appeal") pursuant to §13.2 of the Employee Personnel Manual of St. Charles.   A copy of the Appeal is attached as Exhibit 3.

Electronically Filed - St. Charles Circuit Div - February 22, 2021 - 05:33 PM

32.     In his Appeal, Officer Tiemann contended that his termination was arbitrary, capricious, truly irrational, and not supported by substantial and competent evidence as the facts set forth in the Pre-Disciplinary Notice prove that Officer Tiemann did what he was supposed to do at all times alleged.

33.     In his Appeal, Officer Tiemann requested an in-person hearing on this matter including the right to cross examine witnesses and to compel attendance of witnesses.

34.     Officer Tiemann did not get his requested in-person hearing, nor any hearing, and instead received a letter from the Mayor of St. Charles which summarily stated that the Mayor was upholding the termination of Officer Tiemann's employment (the "Appeal Decision"). A copy of the Appeal Decision is attached as Exhibit 4.

35.     The Mayor of St. Charles, Daniel J. Borgmeyer, did not make any Findings of Fact or Conclusions of Law but sustained Officer Tiemann's termination.

36.     Although not a jurisdictional prerequisite, Plaintiff has nonetheless exhausted all administrative remedies available to him by law.

37.     The decision by St. Charles is unsupported by – and is in fact in direct contradiction to – competent and substantial evidence on the whole record; is unauthorized by law; is arbitrary, capricious and unreasonable; is unconstitutional; and involves an abuse of discretion.

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

38.     The uncontroverted evidence established that: (i) Mr. Landherr was in deemed fit for confinement by the on-duty supervisor and was confined for several hours before Officer Tiemann arrived at work; (ii) Officer Tiemann carried out his order to safely observe and report on Landherr's condition following a change in behavior; (iii) Officer Tiemann did not engage in any conduct unbecoming and (iv) Officer Tiemann did not violate any of the charges alleged in the Pre-Disciplinary Notice.

39.     Furthermore, reliance on rule 12.5 of the Employee Personnel Manual of the City of St. Charles violates the due process clause of the 14th Amendment of the United States Constitution and Section 10 of Article 1 of the Missouri Constitution, in that, on its face and as applied it, is vague and ambiguous as to what constitutes "conduct unbecoming." By not defining "conduct unbecoming" (and subsequently by ignoring the uncontroverted evidence that Officer Tiemann's actions fell properly within the parameters of his order, training, and the Police Department's Code of Conduct), St. Charles then has an unbridled, unqualified and completely subjective ability to say that any conduct is "conduct unbecoming" – even when that conduct met all requirements of the Police Department and St. Charles' policies, procedures, custom, practice, training and expectations.

### Count I for Judicial Review

40.     Paragraphs 1 through 36 of this petition are incorporated by reference herein as if fully set forth herein

Electronically Filed - St. Charles Circuit Div - February 22, 2021 - 05:33 PM

41.    This Court has jurisdiction to hear this case pursuant to section 536.150 RSMo.

42.    Venue is proper in this Court as all actions given rise to these claims occurred in St. Charles County, Missouri.

43.    There have never been any Findings of Fact by either the Police Department or by the Mayor of St. Charles nor any Conclusions of Law.

44.    The Termination Notice and Appeal Decision make a final determination terminating Officer Tiemann's employment without any support or justification.

45.    Plaintiff is entitled to a permanent injunction barring Defendant from enforcing his termination. Absent injunctive relief, Plaintiff has suffered and will suffer irreparable harm, and does not have an adequate remedy at law.

46.    Plaintiff is entitled to a declaratory judgment declaring that Defendant's actions are unsupported by competent and substantial evidence on the whole record; unauthorized by law; arbitrary, capricious and/or unreasonable; unconstitutional; and involve an abuse of discretion. Plaintiff has a legally-protected interest in continued employment absent cause for termination; there is a real, substantial and presently-existing dispute which is a justiciable controversy; Plaintiff has no adequate remedy at law; and the issue is ripe for judicial determination.

47.    Upon the Court's finding that Plaintiff's termination was unlawful, Plaintiff is entitled to an order in mandamus requiring Defendant to reinstate him

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

to his previous position; to compensate him for all back-pay due and owing, plus nine percent interest per annum; and fully vest him in his retirement/pension plan. Plaintiff does not have any other adequate means of relief and mandamus is appropriate under the circumstances.

WHEREFORE Plaintiff Michael Tiemann requests a permanent injunction, a declaratory judgment, and an order in mandamus reversing the decision of the City of St. Charles and reinstating him with all back-pay due and owing him; and for such other relief as the Court deems just and appropriate.

### Count II – Missouri Whistleblower Statute, RSMo 105.055

48.    Paragraphs 1 through 44 of this petition are incorporated by reference herein as if fully set forth herein.

49.    Plaintiff was a public employee employed as a police officer by St. Charles.

50.    Officer Tiemann reported or was about to report the on-duty supervisor's and/or Police Department's prohibited activity, specifically the mismanagement, violation of policy, and/or danger to public safety resulting from the on-duty supervisor and/or Police Department's handling of the events occurring on September 15/16, 2020.

51.    St. Charles took disciplinary action against Officer Tiemann because Officer Tiemann disclosed or was about to disclose information which Officer Tiemann reasonably believed constituted mismanagement, a violation of policy, and/or danger to public safety following the incident on September 15/16, 2020.

52.   St. Charles unlawful termination of Officer Tiemann has directly injured Officer Tiemann.

53.   Officer Tiemann has suffered actual damages resulting from his unlawful termination by St. Charles including but not limited to lost wages, the loss of his employment, the loss of retirement and other benefits, and reasonable attorney fees paid to his attorney.

WHEREFORE Plaintiff Michael Tiemann requests all lost wages from the date of termination to the date of reinstatement, the restoration of his retirement and other benefits, and for his reasonable attorney fees; and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

THE GRAVILLE LAW FIRM, LLC

By:_____
Christopher B. Graville, #53187
Nathan K. Bruns, #71812
130 S. Bemiston, Suite 700
Clayton, MO 63105
636.778.9810 - telephone
636.778.9812 - facsimile
cbg@gravillelaw.com
nkb@gravillelaw.com

11

**2111-CC00152**

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM



Police
Department

Michael Tiemann
1781 Zumbehl Road
St. Charles, Mo. 63301

October 28, 2020

PSO Tiemann,

Effective immediately, your employment with the St. Charles Police
Department is terminated.

You are directed to contact Lieutenant Hoeing to turn all of the city's
equipment in, no later than Friday, October 30, 2020 by 12:00 PM.

Please contact Shanton Fountain with the Human resources Office to provide
you with information relative to your benefits and final compensation.

Chief Randall D. McKinley

cc: Human resources
    Legal

Randall D. McKinley
Chief of Police

Division Commanders
Major
Operations Support Bureau

Edward J. Stanan
Major
Field Services Support Bureau

St. Charles Police Department
1781 Zumbehl Rd.
St. Charles, MO 63301
636.949.3300
Fax 636.949.3308
www.stcharlescitymo.gov

**2111-CC00152**

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

**PRIVATE AND CONFIDENTIAL: TO BE OPENED BY ADDRESSEE ONLY**

**October 16, 2020**

Police Services Officer Michael Tiemann
City of St. Charles, Missouri Police Department
1781 Zumbehl Road
St. Charles, Missouri 63303

Re: Pre-Disciplinary Hearing Notice

PSO Tiemann,

The purpose of this letter is to inform you the City of St. Charles, Missouri (the "City") is contemplating serious disciplinary action against you as a City employee which may result in termination of employment, suspension without pay, demotion or reduction in pay. In order for the City to evaluate whether or not it should take disciplinary action against you, I have scheduled a pre-disciplinary hearing on Monday, October 19, 2020 at 1000 hours in the Police Chief's Conference Room to listen to your version of events.

The facts, circumstances and allegations that have led to the contemplated discipline are briefly presented below:

> On Tuesday, September 15, 2020 at 1850 hours Mr. Joshua Landherr was taken into custody by officers of the St. Charles Police Department from 437 Canary Lane and transported to the department holdover. Upon arrival and then secured in a cell, Mr. Landherr became aggressive and destructive while attempting to damage City property. Employees received third-party information from the complainant of the original call for service that Mr. Landherr may have been under the influence of an illicit substance. The on-duty supervisor was notified of this information and employees were instructed to monitor his behavior and if it were to change, to again notify the on-duty supervisor. These instructions were provided to Police Services Officer Tiemann at the start of his shift at 2230 hours by the prior shift. PSO Tiemann continued to monitor Mr. Landherr and observed significant changes in his behavior and condition at 0130 hours on Wednesday, September 16. PSO Tiemann did not notify the on-duty supervisor until 0219 hours when he observed Mr. Landherr to be unresponsive in his cell. EMS personnel responded to the department holdover and transported Mr. Landherr to the emergency room. Mr. Landherr later succumbed to the medical emergency at 0518 hours.

The conduct described above may have violated the following:

## CHARGES AND SPECIFICATIONS

**St. Charles Police Department Policy 900.3.1 Persons Who Should Not Be in Temporary Custody (Fit For Confinement Needed)**

1

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

*b) Any person who has a medical condition requiring medication (not available to the person while he/she is in our custody), or who may require medical attention or supervision while in temporary custody.*

*g) Persons who are under the influence or alcohol, a controlled substance, or any substance to the degree that may require medical attention, or who have ingested any substance that poses a significant risk to their health, whether or not they appear intoxicated.*

**St. Charles Police Department Code of Conduct, Section X, Subsection B – Conduct Unbecoming**

*Members shall not engage in any conduct which is unbecoming a member of the department, including conduct which brings the department into disrepute, or reflects discredit upon the person as a member of the department, or which impairs the operation or efficiency of the department or the member.*

**St. Charles Police Department Code of Conduct, Section XIII, Subsection B – Arrests and Persons In Custody**

*Any member becoming aware of any condition affecting the rights of a person, including the need for medical attention of a person in custody, or any abuse or unnecessary force inflicted by any fellow member or members, shall immediately make a full disclosure of such condition or event to the appropriate superior, and take such other action to protect the person in custody as the circumstances may require.*

**City of St. Charles Employee Personnel Manual Rule 12.5**

*The employee has engaged in any conduct unbecoming an officer or employee of the City, either on or off duty.*

You are ordered to appear at the Criminal Justice Center at 1781 Zumbehl Road, on Monday, October 19, 2020 at 1000 hours for the purpose of a pre-disciplinary hearing in the Police Chief's Conference Room to answer to the above Charges and Specifications.  Following the pre-disciplinary hearing, a determination will be made concerning these alleged violations.

As Directed,

Randall D. McKinley,
Chief of Police

cc:     Human Resources Department
        Police Department Employee File

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

**2111-CC00152**

# THE GRAVILLE LAW FIRM, LLC

130 SOUTH BEMISTON, SUITE 700 • CLAYTON, MISSOURI 63105

VIA EMAIL AND US MAIL TO:
dan.borgmeyer@stcharlescitymo.gov
shanton.fountain@stcharlescitymo.gov

November 6, 2020

Dan Borgmeyer, Mayor
City of St. Charles
200 N Second Street
St. Charles, MO 63301

      RE:    Appeal of PSO Michael Tiemann (DSN: 444) Termination ("Appeal")

Dear Mayor Borgmeyer,

Pursuant to §13.2 of the Employee Personnel Manual (the "Manual") of the City of St. Charles, Missouri (the "City"), this correspondence shall serve as written notice of appeal from the Notice of Termination received by PSO Michael Tiemann, DSN #444 ("Michael") on October 28, 2020 (the "Termination Notice"). Pursuant to the October 16, 2020 Pre-Disciplinary Hearing Notice (the "Pre-Disciplinary Notice"), a copy of which is attached and is incorporated herein by reference, Michael was given notice that he was terminated under the following provisions of the City Police Department Policies (Individually, a "Policy", collectively, the "Policies"), the City Police Department Code of Conduct (the "Code of Conduct") and the City Personnel Manual (the "Manual"):

    1. Policy 900.3.1 Person Who Should Not Be in Temporary Custody (Fit For Confinement Needed);

    2. The Code of Conduct Section X, Subsection B – Conduct Unbecoming;

    3. Code of Conduct Section XIII, Subsection B – Arrests and Persons in Custody;

    4. The Manual Rule 12.5.

(Individually referred to hereunder as a "Charge" and collectively referred to hereunder as the "Charges").

**Charge 1: Fit For Confinement Needed.**

The Pre-Disciplinary Notice citation of Policies Sections 900.3.1(b) and (g) states:

    *Persons Who Should Not Be in Temporary Custody (Fit For Confinement Needed)*

1

Termination Appeal of P.S.O. Michael Tiemann (DSN: 444)
St. Charles Police Department
November 6, 2020

> *(b) Any person who has a medical condition requiring medication (not available to the person while he/she is in our custody), or who may require medical attention or supervision while in temporary custody.*
>
> *(g) Persons who are under the influence of alcohol, a controlled substance, or any substance to the degree that may require medical attention, or who have ingested any substance that poses a significant risk to their health, whether or not they appear intoxicated."*

The Pre-Disciplinary Notice fails to state sufficient facts to support Charge 1. The following facts are set forth in the Pre-Disciplinary Notice:

    1.    Joshua Landherr was arrested and placed into police custody on September 15, 2020 at 1850 hours by, presumably, a City police officer.

    2.    Upon arrival, Landherr became "aggressive and destructive while attempting to damage City property."

    3.    Employees, including the on-duty supervisor, received information that Landherr may have been under the influence of an illicit substance.

    4.    Despite Landherr's aggression and destructiveness, and despite being informed of the fact that Landherr may have ingested an unknown quantity and quality of an unnamed illicit substance, ***the on-duty supervisor determined that Landherr was fit for confinement***. The on-duty supervisor instructed employees to monitor Landherr's behavior and to notify the on-duty supervisor *again* if Landherr's behavior "were to change". No further emergency or medical instructions were given to employees.

    5.    Upon Michael beginning his shift at 2230 hours, Landherr had already been in the custody of the City Police Department for 3 hours and 40 minutes. At the beginning of his shift, Michael was informed by another corrections officer, ***and not by the on-duty supervisor***, that Landherr was aggressive and destructive and that he may have ingested some drugs. Michael was told to safely monitor Landherr and to notify the on-duty supervisor if his condition changed. ***Michael did not receive any verbal or written directive from the on-duty supervisor.***

    6.    Michael never received any training nor was he instructed by another corrections officer as to what "changes" to observe with regards to Landherr's behavior or what time frame to apply before notifying the on-duty supervisor of a "change" in Landherr's behavior. ***Michael did not receive any verbal or written directive from the on-duty supervisor as to what changes to observe or the time frame in which to contact the on-duty supervisor.***

    7.    Michael safely monitored Landherr throughout Landherr's entire time in custody, up to and including the time he notified the on-duty supervisor.

    8.    At 0228 hours, EMS responded to the Police Department and began performing life saving measures.

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

Termination Appeal of P.S.O. Michael Tiemann (DSN: 444)
St. Charles Police Department
November 6, 2020

9.    Landherr died at the hospital over *2 hours* after he left the Police Department.

The facts stated in the Pre-Disciplinary Notice show that when Michael began his shift, an assessment of Landherr had already been conducted by an on-duty supervisor.  The on-duty supervisor assessed Landherr and the information regarding intoxication and determined that he was fit for confinement and that Landherr only needed to monitored.  Michael complied with the information passed on to him by another employee and Michael never received any written or verbal instructions as to what change of conditions to look for or what time period that he should observe Landherr.  Michael fully complied with the Polices and there are not facts to support Charge 1.

**Charge 3: Arrests and Persons in Custody.**

The Pre-Disciplinary Notice citation of the Code of Conduct, Section XIII, Subsection B states:

*Arrests and Persons In Custody*

*Any member becoming aware of any condition affecting the rights of a person, including the need for medical attention of a person in custody, or any abuse or unnecessary force inflicted by any fellow member or members, shall immediately make a full disclosure of such condition or event to the appropriate superior, and take such other action to protect the person in custody as the circumstances may require*

The Pre-Disciplinary Notice fails to state sufficient facts to support a violation under Charge 3.  The following facts are set forth in the Pre-Disciplinary Notice:

1.    Upon arrival at the police department at 1850 hours, Landherr became "aggressive and destructive."

2.    Employees, including the on-duty supervisor, received information that Landherr may have been under the influence of an illicit substance.

3.    Because of Landherr's "aggressive and destructive" behavior and the fact that Landherr may have been under the influence of an unknown quality and quantity of an illicit substance, the on-duty supervisor instructed employees (not Michael) to carefully monitor Landherr's behavior, and no notify the supervisor should his behavior change.

4.    Michael began his shift at 2230 hours, almost four hours after Landherr was brought into custody.

5.    Michael was ordered to carefully observe Landherr and to notify his supervisor if his behavior changed, but was not given any direction as to what changes in behavior to evaluate, or what time frame to assess any behavioral changes under.

3

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

Termination Appeal of P.S.O. Michael Tiemann (DSN: 444)
St. Charles Police Department
November 6, 2020

      6.     At 0219 hours, when Landherr's condition changed based on Michael's subjective determination, the on-duty supervisor was informed.

      7.     Michael safely and carefully monitored Landherr from 2230 hours until 0301 hours when EMS transported him to the hospital.

The facts clearly do not support any alleged violation of the Code of Conduct under Charge 3. When Michael arrived at work, Landherr had already been in custody for over three hours and had already been assessed by the on-duty supervisor as fit for confinement. This assessment included a review, by the on-duty supervisor, of the information related to the unknown quality and quantity of the potential intoxication of Landherr. Michael was informed by a fellow employee to safely monitor Landherr because he was destructive, aggressive and that Landherr was attempting to destroy City property. Landherr did exactly what he was supposed to do and his safe and diligent actions gave medical personnel over three hours to attempt to save Landherr's life. Based on the foregoing, there are no facts that support a violation of Charge 3.

**Charge 2 and Charge 4: Conduct Unbecoming.**

The violations alleged in Charges 2 and 4 are substantially similar because they both prohibit conduct unbecoming of either an officer or employee of the City and seemingly rely on the same underlying conduct, therefore they are set forth collectively.

The Pre-Disciplinary Notice citation of Section X of the Code of Conduct states:

*Conduct Unbecoming*

*Members shall not engage in conduct which is unbecoming of a member of the department, including conduct which brings the department into disrepute, or reflects discredit upon the person as a member of the department, or which impairs the operation or efficiency of the department or the member.*

The Pre-Disciplinary Notice citation of Rule 12.5 of the Manual states:

*The employee has engaged in any conduct unbecoming of an officer or employee of the City, either on or off duty.*

The Pre-Disciplinary Notice fails to state sufficient facts to support violations under Charges 2 and 4. The following facts are set forth in the Pre-Disciplinary Notice:

      1.     Upon arrival, and throughout the entirety of his custody, Landherr was aggressive, destructive, and attempted to destroy City property.

      2.     Employees were instructed to exercise caution while observing Landherr because of his erratic behavior.

Electronically Filed - St. Charles Circuit Div - February 22, 2021 - 05:33 PM

Termination Appeal of P.S.O. Michael Tiemann (DSN: 444)
St. Charles Police Department
November 6, 2020

3.      Upon beginning his shift at 2230 hours, Michael was notified by another employee that Landherr had been evaluated by a supervisor, that employees were to safely monitor Landherr and that they should notify the on-duty supervisor if Landherr's condition changed. *Michael did not receive any verbal or written directive from the on-duty supervisor.*

4.      Michael never failed to observe Landherr at any point during his shift, up to and after the time he notified his supervisor.

5.      Michael notified his supervisor consistent with the information passed on by his fellow employee.

6.      At the time Landherr's condition changed, based on Michael's subjective determination, the on-duty supervisor was immediately notified, EMS was requested, and Landherr was transported to the hospital.

Michael was given an order by the on-duty supervisor to observe Landherr, which he carefully did throughout his entire shift. There is no allegation made or fact provided that Michael ever failed to comply with this order. Michael was further ordered to notify his supervisor should Landherr's condition change. There is no allegation made or fact provided that Michael ever failed to comply with this information. In fact, because of Michael's diligence, no employee was harmed by Landherr's aggression and Landherr received critical medical attention. Michael's decisive action gave medical personnel three hours to attempt to save his life. Contrary to the charges against Michael, his actions were becoming of a member of the department, brought repute to the department, and reflected well upon him and the department because he safely followed the orders given to him by his supervisor, and as a result, Landherr had an opportunity for his life to be saved. Michael's action did not violate Charges 2 and 4 and Michael should, in fact, be commended and honored by the Department and the City for his diligent and decisive life saving efforts.

Michael's termination is arbitrary, capricious, truly irrational, and is not supported by substantial and competent evidence. The facts set forth in the Pre-Disciplinary Notice prove that Michael did exactly what he was supposed to do; his safe and diligent actions gave medical personnel over three hours to attempt to save the life of man that overdosed.

Pursuant to Section 14.2 of the Manual, the undersign hereby requests a review and hearing on this matter, including an in-person hearing, the right to cross examine witnesses and to compel the attendance of witnesses. Furthermore, on behalf of Michael and his family, I hereby demand that Michael be returned to his full employment with the Police Department and that he be accommodated with his back pay.

Finally, please instruct the City Human Resources Department and Police Department to provide me with complete copies of any and all files related to the Charges so that we may fully and completely present the facts of this case so that you will fairly consider reversal of Michael's termination.

5

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

Termination Appeal of P.S.O. Michael Tiemann (DSN: 444)
St. Charles Police Department
November 6, 2020

Sincerely,

Christopher B. Graville

**2111-CC00152**

Electronically Filed - St Charles Circuit Div - February 22, 2021 - 05:33 PM

*Discover.*

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**CERTIFIED NUMBER: 7013 2630 0000 3543 1208**

**PRIVATE AND CONFIDENTIAL**

January 21, 2021

Mr. Michael Tiemann
131 Del Oro Drive
St. Peters, Missouri 63376

Re: Decision of the Mayor regarding Appeal of Termination

Mr. Tiemann:

I have completed my review of the materials provided by your legal counsel, Chris Graville; the Office of Professional Responsibility Internal Investigation report with exhibits; and the video and audio recording of the incident in the holdover cell.   Based upon the information reviewed, and within my discretion as outlined in Rule 13.2 of the City of Saint Charles Employee Personnel Manual, the termination of your employment as a Police Services Officer is upheld. This decision is final and binding.

Sincerely,

Daniel J. Borgmeyer, Mayor

cc:   Director of Administration
      Acting Police Chief
      Department of Human Resources

*yer*
*ayor*

*reet*